# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 11, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| THE ESTATE OF CLETUS J. * | |
| MUENSTERMAN, *by its Personal* * | |
| *Representative* GERALD L. * | |
| MUENSTERMAN, * | No. 18-714V |
| * | Special Master Sanders |
| Petitioner, * | |
| * | |
| v. * | |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * | |

Daniel H. Pfeifer, Pfeifer, Morgan & Stesiak, South Bend, IN, for Petitioner.
Mollie D. Gorney, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 21, 2018, Gerald L. Muensterman ("petitioner"), as personal representative of the estate of Cletus J. Muensterman, filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that Cletus J. Muensterman developed a shoulder injury related to vaccine administration ("SIRVA") as a result of the pneumococcal vaccine he received on June 16, 2015. Pet. at 1, ECF No. 1. On June 26, 2019, petitioner filed a motion for a decision dismissing his petition and the undersigned

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

issued her Decision dismissing the petition on June 28, 2018. Decision, ECF No. 29.

On July 1, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 31 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $15,299.90 (representing $14,519.50 in fees and $780.40 in costs). Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to this litigation. *Id.* Respondent responded to the motion on March 22, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 69). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.  **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

a.  **Hourly Rates**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1,

2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner requests the following rates of compensation for the work of his attorneys: for Mr. Daniel Pfeifer, $400.00 per hour for all work performed in this case (2015, 2018-2019), and for Mr. Jerome McKeever, $250.00 per hour for all work performed (in years 2015-2019). These rates are consistent with what Mr. Pfeifer and Mr. McKeever have previously been awarded for their Vaccine Program work. *See, e.g., Knura v. Sec'y of Health & Human Servs.*, No. 17-737V, 2018 WL 6167087, at *5 (Fed. Cl. Spec. Mstr. Oct. 31, 2018). Accordingly, the requested rates are reasonable.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds the billed hours to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review the undersigned does not find any of the billing entries to be unreasonable. Respondent has also not indicated that he finds any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$14,519.50**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $780.40 for acquisition of medical records and the Court's filing fee. Petitioner has provided adequate documentation in support of the requested costs and all are reasonable in the undersigned's experience. Accordingly, petitioner is entitled to the full amount of costs sought.

## II. Conclusion

Based on all the above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

---

[3] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

| | |
|---|---|
| Attorneys' Fees Requested | $14,519.50 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$14,519.50** |
| | |
| Attorneys' Costs Requested | $780.40 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$780.40** |
| | |
| **Total Attorneys' Fees and Costs** | **$15,299.90** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. **Accordingly, the undersigned awards a lump sum in the amount of $15,299.90, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Daniel Pfeifer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).