# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 28, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| THE ESTATE OF CLETUS J. MUENSTERMAN, by it's Personal Representative GERARD L. MUENSTERMAN, | * * * * | No. 18-714V |
| | * | Special Master Sanders |
| Petitioner, | * * | |
| v. | * | |
| | * | Dismissal; Insufficient Proof; Pneumococcal |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * | Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA") |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

## DISMISSAL[1]

On May 21, 2018, Gerald L. Muensterman ("Petitioner") filed a petition on behalf of the estate of Cletus J. Muensterman for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that Mr. Muensterman developed a shoulder injury related to vaccine administration ("SIRVA") as a result of the pneumococcal vaccine he received on June 16, 2015. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On June 26, 2019, Petitioner filed a motion for a decision dismissing his petition. ECF No. 28. In his motion, Petitioner conceded that, because Mr. Muensterman passed away on September 9, 2017, "[e]stablishing causation-in-fact . . . [would be] difficult." *Id.* at 2. Therefore, Petitioner

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

continued, "dismissing the Petition is the most prudent course of action in order to avoid incurring additional fees and expenses unnecessarily." *Id.*

To receive compensation under the Program, Petitioner must prove either (1) that Mr. Muensterman suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Mr. Muensterman suffered a "Table Injury." Further, the record does not contain persuasive evidence that Mr. Muensterman's alleged injuries were caused by the pneumococcal vaccine he received.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case **must be dismissed for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.